CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 2 2008

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HECTOR LOUIS GUILLEN, ) | |
| ) | Civil Action No. 7:07cv00236 |
| Plaintiff, ) | |
| ) | |
| CHRIS BARTEE, et al., ) | |
| ) | By: Hon. Michael F. Urbanski |
| Defendants. ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Hector Louis Guillen brings this claim, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. §1331, alleging that he was denied medical care during his incarceration at United States Penitentiary, Lee County ("USP Lee"), subsequent to sustaining a fracture at the base of his right hand index finger. Guillen requests declaratory and compensatory relief. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. Guillen was notified of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned that judgment might be granted for the defendants if he did not respond to the motion by filing affidavits or other documents contradicting the defendants' evidence or otherwise explaining his claims. Guillen responded requesting a motion to stay, pursuant to Federal Rule of Civil Procedure 56, to engage in discovery. By Order entered January 2, 2008, the undersigned denied Guillen's motion to stay but granted his motion for an extension of time in which to respond to defendants' motion. Defendants were directed to provide the court with any documentation not already provided concerning the treatment of Guillen's finger and his request for treatment and, in light of Guillen's allegations of falsified medical records, any extant video recordings of Guillen's requests for treatment on May 5, 2005. Defendants responded and submitted additional pages obtained from Guillen's medical records

from USP Victorville, California,[1] but indicated that no video recordings relevant to the action were available.[2] The undersigned then directed Guillen to respond to the motion for summary judgment. Twenty days have passed and Guillen has not responded, thus making the underlying matter ripe for disposition. For the reasons that follow, the undersigned recommends that the motion for summary judgment be granted in favor of the defendants.

## I.

Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

---

[1] It appears that Guillen was transferred to USP Victorville subsequent to his surgery. Guillen is currently incarcerated at USP Adelanto, California.

[2] Defendants contended that the video surveillance system in place at USP Lee in May 2005 continuously recorded activity, but automatically deleted the data from the system after approximately fourteen days unless it was manually saved. Defendants submitted an affidavit from Lieutenant Richard Pitt of the Special Investigative Supervisor's Office ("SIS") at USP Lee. Pitt contended that no major occurrence or incident happened on May 5, 2005 necessitating a manual saving of recorded activity. Pitt further noted that a search of SIS files revealed that there was no investigation of Guillen pending during that time period which would have necessitated saving any recorded activity. Notwithstanding the fact that no video recordings were retained, considering all of the evidence available in this case, it is clear for the reasons explained herein that there is no genuine issue of material fact in dispute.

-2-

## II.

Guillen alleges that on May 5, 2005, he received a fracture at the base of his right hand index finger during the lunch hour. He claims that he immediately went to USP Lee Health Services to receive medical care, but was turned away by Nurse Chris Bartee and Nurse Teresa Hornsby and told to return the next day during sick call. Guillen alleges that the nurses ignored his claims of pain and his bent and swollen finger. Guillen alleges that he then complained to Warden Bledsoe, who happened to be in close proximity to Health Services, but to no avail. Guillen alleges that he remained at the Health Services window and specifically requested a splint and medication, but contends that Nurse Hornsby responded by closing the window in Guillen's face. Guillen contends that he was then placed in a holding cell due to allegations by the medical staff that he was being disruptive, but was ultimately released to return to Health Services. Guillen alleges that Dave Roff, current Health Services Administrator, also ignored Guillen's injured finger and merely provided him with a roll of tape and ibuprofen and informed Guillen that he should return the next day at sick call. Guillen alleges that Roff did not assist Guillen in the application of the tape and that Guillen's cell-mate splinted his finger with a piece of disposable spoon.

Guillen alleges that at 4:00 P.M. that same day, he was escorted back to Health Services in order for the medical staff to assess whether his injuries were the result of a fight. Nurse Bartee and Nurse Bishop conducted the assessment. Bishop removed the disposable spoon and re-splinted Guillen's finger with a wooden splint. Guillen was subsequently placed in administrative segregation in the Special Housing Unit ("SHU") pending an investigation of the matter. Guillen contends that he submitted requests for immediate medical care on that same day and on May 8, 2005. He alleges that he complained about his pain to Captain Charles Williams and that Williams

-3-

Case 7:07-cv-00236-SGW-mfu    Document 46    Filed 02/22/08    Page 3 of 8    Pageid#: 308

indicated that he would notify Health Services. Guillen alleges that he also complained to Correctional Counselor Gene Grapperhaus, and that Grapperhaus also indicated his intent to notify Health Services of Guillen's medical needs. Guillen believes that neither Williams nor Grapperhaus relayed his requests to Health Services.

Guillen further complains that on May 9, 2005, he attempted to gain the attention of Physician's Assistant Irwin Fish as Fish was making his rounds in the SHU, but that Fish refused to examine Guillen and stated, "If you are breathing and you are not bleeding[,] it is not an emergency." (Compl. at 6-7.) Guillen alleges that he received an x-ray on May 13, 2005, but that he was returned back to the SHU without any other examination or medical care. Guillen was released back into the general population on May 19, 2005. On that same date, Guillen was transported to an outside hospital and examined by an orthopedic specialist. Guillen was informed that surgery was necessary and on May 24, 2005, the surgery was successfully performed. Guillen names as defendants in this suit, Nurse Bartee, Nurse Hornsby, Health Services Administrator Roff, former Physician's Assistant Fish, former Captain Williams, and Counselor Grapperhaus.

Defendants disagree with Guillen's version of the facts and contend that Guillen was offered Motrin and splinting/taping at the Health Services window when he initially approached Nurse Bartee and Nurse Hornsby requesting medical attention, but that he refused. Defendant Roff alleges that he subsequently assessed Guillen's finger and taped the finger, noting no swelling and that it was non-tender during the procedure. Defendants further allege that at some unspecified time Guillen was provided ibuprofen and that a nurse applied a splint to Guillen's finger. Guillen was informed to loosen the tape on the splint if swelling increased and to return to Health Services as needed. Defendants Grapperhaus and Williams both contend that they called Health Services and

reported Guillen's requests for medical attention.

### III.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 837-844 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F. Supp. 2d 830, 840 (W.D. Va. 2002) (quoting Cox v. District of Columbia, 834 F. Supp. 439, 441 (D.D.C. 1992)). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Furthermore, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). Finally, to bring such a claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison physician's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848,

854 (4th Cir. 1990).

Applying these principles, and construing the evidence in the light most favorable to Guillen, the undersigned concludes that he has not made any showing that a constitutional right has been violated. Even assuming that Guillen's broken finger constituted a serious medical need, it is clear that none of the defendants acted with deliberate indifference subsequent to the injury. According to Guillen's own admissions, he was provided with ibuprofen and his finger was splinted the day that he initially approached medical staff, his finger was x-rayed within approximately one week, and he was examined by an orthopedic specialist within two weeks. Surgery was performed successfully within a week after Guillen's initial examination by the orthopedic specialist. Thus, contrary to Guillen's conclusory assertions, the record, including his complaint, reveals that he received prompt and adequate medical attention subsequent to his injury. Compare Abu-Fakher v. Bode, 175 F. App'x 179 (10th Cir. 2006) (finding no deliberate indifference when defendants provided plaintiff with ice and painkillers the day that he broke his finger, told plaintiff to attend sick call the next day, and took ten days to examine plaintiff's x-ray); Maxey v. Astorga, 29 F.3d 633 (9th Cir. 1994) (finding no deliberate indifference to a serious medical need when inmate's injured finger was placed in a splint and he was given an ice pack the day of his injury, x-rayed two days later, and examined by an orthopedic specialist over six months later); Sherrer v. Stephens, 50 F.3d 496 (8th Cir. 1994) (finding that treatment of inmate's broken finger did not rise to level of deliberate indifference, despite delays, based on evidence that he received painkillers, instructions to apply ice and perform motion therapy, x-rays, and examination by orthopedists) with Edwards v. Snyder, 478 F.3d 827, 831 (7th Cir. 2007) (denying defendants' motion for summary judgment where plaintiff was forced to wait two days for proper treatment, other than antibiotics and pain medication, for his injured

finger-with a dislocated and fractured bone sticking through the skin and exposed). Accordingly, the undersigned finds that this claim has no merit and recommends that it be dismissed.[3, 4]

Moreover, Guillen's complaint concerning Williams and Grapperhaus fails under an Eighth Amendment analysis as required under Miltier. First, Guillen fails to prove that these non-medical prison personnel were personally involved with the alleged denial of treatment. Guillen provides no facts or evidence to support his claim that they simply failed to relay his medical requests to Health Services. Regardless, there was no denial of treatment. As the undersigned has already noted, the medical staff acted promptly and appropriately in response to Guillen's complaints. Moreover, it appears that his requests for medical treatment made on May 8-10, 2005, were relayed to Health Services as his finger was x-rayed a few days later on March 13, 2005. Secondly, Guillen has failed to allege, much less prove, that Williams or Grapperhaus deliberately interfered with a prison physician's treatment. Accordingly, this claim has no merit and must be dismissed.

## IV.

For these reasons, the undersigned concludes that Guillen has failed to demonstrate that defendants were deliberately indifferent and, thus, has not stated a claim that rises to the level of an Eighth Amendment violation. Accordingly, the undersigned recommends that defendants' motion

---

[3] Guillen's specific complaint that he was not immediately provided with x-rays or a more thorough examination when he first presented his injured finger similarly does not rise to the level of deliberate indifference. Guillen does not dispute that he was examined and that his finger was splinted by medical staff a few hours after he initially approached Health Services. Moreover, medical staff encouraged him to attend sick call the following day for an examination with a physician. While Guillen may not have approved of the initial delay in treatment, the court notes that the delay was less than four hours and Guillen fails to demonstrate how such a minor delay harmed him or affected his treatment. As the undersigned has already noted, a difference of opinion over diagnosis or treatment does not amount to a showing of an Eighth Amendment claim of deliberate indifference to a serious medical need and claims of medical judgment are not subject to judicial review. At most, Guillen alleges a claim of negligence, which is not sufficient to state a claim for relief under Bivens. Lee X v. Casey, 771 F. Supp. 725, 729 (E.D. Va. 1991). Accordingly, the undersigned finds that this claim has no merit and recommends that it be dismissed.

[4] Guillen does not appear to challenge the treatment that he received subsequent to his surgery.

-7-

for summary judgment be granted and Guillen's claims be dismissed.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send copies of this Order to plaintiff and counsel of record for defendants.

**ENTER:** This 22nd day of February, 2008.

_____
United States Magistrate Judge

-8-

Case 7:07-cv-00236-SGW-mfu   Document 46   Filed 02/22/08   Page 8 of 8   Pageid#: 313